WO NA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Aristeo Ruelas,

Plaintiff,

v.

Unknown Cardinales, et al.,

Defendants.

No. CV 20-01850-PHX-JAT (JZB)

**ORDER**

On July 29, 2020, Plaintiff Aristeo Ruelas, who is confined in the Arizona State Prison Complex-Lewis and represented by counsel, filed a Complaint in Maricopa County Superior Court against Corrections Officer (CO) II Unknown Cardinale,[1] former Arizona Department of Corrections Director Charles L. Ryan, and several Doe Defendants (Doc. 1-3 at 8).[2] Defendants Cardinale and Ryan were served on September 2, 2020. (Doc. 1 at 2.) On September 22, 2020, Defendants Cardinale and Ryan filed a Notice of Removal (Doc. 1) and removed the action to this Court.

The Court will Order Defendant Cardinale to answer Count One of the Complaint and will dismiss the remaining Defendants without prejudice.

. . . .

---

[1] In the Notice of Removal, Defendants state that Plaintiff incorrectly named Defendant Cardinale as Cardinales. The Court will refer to Defendant Cardinale with his correct surname and direct the Clerk of Court to correct the spelling of Defendant Cardinale's name on the docket.

[2] These parties were identified as "John and/or Jane Does I-X and Partnerships and/or Corporations I-X."

TERMPSREF

**I. Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his Complaint, Plaintiff claims, among other things, that Defendants violated his Eighth Amendment rights. This Court's jurisdiction extends to such claims. *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"). Defendants assert that the Notice of Removal was filed within 30 days of service of the Complaint on Defendants and that all Defendants who had been served at the time of filing consented to removal. (Doc. 1 at 2). Thus, it appears this action was both timely and properly removed. *See* 28 U.S.C. § 1446(b)(1).

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

**III. Complaint**

In his single-count Complaint, Plaintiff seeks monetary damages and litigation costs from Defendant Ryan, Cardinale, and several Doe Defendants.

Plaintiff asserts an Eighth Amendment excessive force claim and alleges that on August 28, 2019, the Rast Housing Unit conducted its "quarter annual searches." While Plaintiff was listening to music on headphones and walking towards a corrections officer, another inmate tapped Plaintiff on the shoulder and "told [him] by hand signal to turn around." Plaintiff turned around, and a K-9 controlled by Defendant Cardinale jumped up and bit Plaintiff on the hand. Plaintiff claims he did not make any "aggressive movements" or "act inappropriately" toward Defendant Cardinale. The bite punctured Plaintiff's skin, which caused bleeding and required medical treatment.

Despite ADC's policy that K-9s must be muzzled when inmates are out of their cells, Defendant Cardinale did not have the K-9 muzzled, and the K-9 was not on a tight leash. Plaintiff claims that K-9s do not attack without being ordered to do so by the handler, and "[t]here was no need for the application of force used." As a result, Plaintiff suffered physical injury and mental and emotional distress. Plaintiff claims that Defendant Ryan "maintained policies or practice[s] of deliberate indifference to and/or failed to properly train [ADC] detention officers, including Defendant Cardinale[] regarding deployment and use of a K-9."

**IV. Failure to State a Claim**

**A. Doe Defendants**

Plaintiff does not refer to any partnerships or corporations in his allegations, and he has not made any allegations against the individuals identified in the caption as "John and

Jane Does I-X." In any event, these vague and conclusory allegations lack any factual specificity as to what each particular individual did or failed to do and are therefore insufficient to state a claim. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Accordingly, the Court will dismiss the Doe Defendants.

**B. Defendant Ryan**

Plaintiff's allegations against Defendant Ryan are too vague and conclusory to state a claim. To state an Eighth Amendment claim based on a policy, practice or custom, Plaintiff must allege that (1) his rights were violated by an employee or employees of a Defendant; (2) the Defendant has customs or policies that amount to deliberate indifference; and (3) the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights in the sense that the Defendant could have prevented the violation with an appropriate policy. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Although Plaintiff claims that Defendant Ryan maintained policies and practices of deliberate indifference, he fails to identify the alleged policies and practices, provide any details regarding the policies and practices, provide facts to support that his injuries were caused by these alleged policies or practices. To the contrary, Plaintiff alleges that Defendant Cardinale actions violated ADC's policies.

. . . .

TERMPSREF

To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

Plaintiff has not alleged facts showing Defendant Cardinale's training was inadequate or that any such inadequacy was the result of a deliberate or conscious choice on the part of Defendant Ryan. Accordingly, Plaintiff has failed to state a claim against Defendant Ryan, and the Court will dismiss without prejudice Defendant Ryan.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment excessive force claim against Defendant Cardinale, and the Court will order Defendant Cardinale to answer the Complaint.

**IT IS ORDERED:**

(1) The Clerk of Court must **correct the docket** to the correct the spelling of Defendant Cardinale's name.

(2) Defendant Ryan and the Doe Defendants are **dismissed** without prejudice.

(3) Defendant Cardinale must answer the Complaint.

(4) Plaintiff must either serve Defendant Cardinale or seek a waiver of service for Defendant.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Cardinale within 90 days of the filing of the Complaint, the action may be dismissed. Fed. R. Civ. P. 4(m).

(6) Defendant Cardinale must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 14th day of October, 2020.

James A. Teilborg
Senior United States District Judge

TERMPSREF